WIGGINTON, Judge.
Petitioner seeks review by certiorari of a judgment rendered by the Circuit Court of St. Johns County in its appellate capacity which affirmed a judgment of conviction and sentence rendered by the County Judge’s Court of that county. It is contended that the judgment assaulted constitutes a departure from the essential requirements of law and should be quashed.
During a routine check petitioner was arrested for the offense of driving a motor vehicle on the highways of this state without a valid driver’s license.[1] To this charge petitioner pleaded guilty, was adjudged guilty and thereafter discharged the sentence imposed upon him.
It was subsequently discovered by the law enforcement officials that, at the time of petitioner’s arrest, a Florida driver’s license theretofore issued to him had been suspended and had not been restored. As a result of this information, petitioner was charged in a new information with the offense of operating a motor vehicle upon the highways of this state at a time when his driver’s license was suspended, contrary to the provisions of law.[2] To this second *38 charge petitioner interposed a defense of former jeopardy, contending that the offense of operating a motor vehicle without a valid license is a lesser offense necessarily included in the more serious offense of operating a vehicle at a time when the driver’s license is under Suspension. Such defense was rejected by the trial court and petitioner was found guilty as charged. The judgment of conviction was appealed to the circuit court which affirmed the conviction, and it is that judgment which is before us for review.
Appellant argues with considerable logic that one guilty of operating a motor vehicle at a time when his driver’s license is either revoked, cancelled or suspended is, as a platter of law, guilty of operating his vehicle without a valid driver’s license. He reasons therefore that the statutory offense of driving without a valid license is a lesser offense included within the greater offense of driving while the operator’s license is revoked, cancelled or suspended. On this premise appellant contends that since he has been charged and adjudged guilty of the lesser offense, he cannot now lawfully be charged and convicted of the greater offense under the established principle of law that:
“As a general rule, whether a person accused of a minor offense is acquitted or convicted, he cannot be charged again on the same facts in a more aggravated form.
“It is also the almost universally accepted doctrine that an acquittal or a conviction for a minor, or lesser, offense included in a greater will bar a prosecution for the greater, if on an indictment for the greater accused could be convicted of the lesser.” [3]
We have carefully considered the theory advanced by appellant but reluctantly reach the conclusion that it is based upon a false premise and must therefore be rejected.
The latest and most comprehensive discussion of the rule of law applicable to a defense of former jeopardy is stated by the Second District Court of Appeal in its recent decision of State v. Shaw.[4] In that case the court said:
“To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must be for the same offense. * * *
“The precise point here involved may be still further narrowed. If the facts which would convict on one prosecution would not necessarily have sustained conviction on another prosecution for the crime there charged, then the first prosecution could not stand as a bar to the second, although the offenses charged might have been committed in the same transaction. * * *
“The test to be applied to determine whether two charges are separate and distinct and may be each prosecuted is whether one of the charges requires proof of an additional fact which the other does not. * * * If one criminal charge requires proof of a fact which another charge does not, then the offenses are not the same, and a conviction or acquittal under one does not bar a prosecution under the other on ground of double jeopardy, the test for determining either the identity or the separateness of the offenses charged in the two indictments being whether the same proof will sustain conviction under both, or whether one of the charges requires proof of a fact or facts not required by the other. * * *
“The offenses are not the same if, upon the trial of one, proof of an addi *39 tional fact is required, which is not necessary to he proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. * * * ”
Tested by the principles above set forth it is our view that the offense of operating a motor vehicle without a valid driver’s license is not a lesser offense included within the offense of operating a vehicle while the driver’s license is under suspension. A person may be convicted of operating a vehicle on the highways of this state if he does not at that time possess a valid driver’s license. The requirement that a motor vehicle operator possess a valid driver’s license is an integral part of the state’s highway safety program calculated to insure that the operators of such dangerous instrumentalities be persons fully qualified to operate them in a safe and competent manner.[5] One who operates a motor vehicle at a time when his driver’s license has been cancelled, revoked or is under suspension because of his own misconduct is not necessarily an unqualified operator but most certainly is acting in contempt and defiance of the law, In so doing, he commits a more serious offense than that of merely driving without a valid license, the conviction for which carries a mandatory jail sentence. The facts necessary to prove one offense would not necessarily he sufficient to prove the commission of the other. Although a person may violate both statutes by the same overt act, the violations are separate and distinct offenses constituting separate and distinct evils, each of which has been proscribed by the legislature.
The judgment here assaulted does not constitute a departure from the essential requirements of law and therefore will not be disturbed. Certiorari is denied.
CARROLL, DONALD K., Acting Chief Judge, and SPECTOR, J., concur.

. F.S. § 322.03(1), F.S.A.
“No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur under the provisions of this chapter. * * * ”

. F.S. § 322.34, F.S.A.
“Any person whose operator’s or chauffeur’s license, * * * has been can-celled, suspended or revoked as provided in this chapter, and who drives any motor vehicle upon the highways of this state while such license or privilege is can- *38 celled, suspended, or revoked, is guilty of a misdemeanor * *

. 22 O..T.S. Criminal Law, § 283 c, p. 741.

. State v. Shaw (Fla.App.1969), 219 So. 2d 49, 50, 51; See also Hanemann v. State (Fla.App.1969), 221 So.2d 228; State v. Lowe (Fla.App.1961), 130 So.2d 288; King v. State, 145 Fla. 286, 199 So. 38.

. F.S. § 322.44, F.S.A.