767 So.2d 468 (1999)
STATE of Florida, Appellant,
v.
William COOKE, Appellee.
No. 99-1206.
District Court of Appeal of Florida, Fourth District.
December 8, 1999.
Opinion Denying Rehearing February 2, 2000.
Robert Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellant.
No appearance for appellee.
*469 PER CURIAM.
The state appeals from the dismissal of the information filed against William Cooke for driving while his license was revoked as a habitual traffic offender under section 322.34(5), Florida Statutes (1997).[1] The information was dismissed on double jeopardy grounds. Cooke had previously been acquitted of driving while his license was suspended under section 322.34(2)(c), Florida Statutes (1997).[2] Cooke's motion for judgment of acquittal was granted based upon his argument that he was a habitual traffic offender and section 322.34(2)(c) specifically prohibits persons who have been declared habitual traffic offenders under section 322.264, Florida Statutes (1997), from prosecution under that section. We reverse.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court set forth the "same-elements" test which inquires whether each offense contains an element not contained in the other. If they do not, then they are the same offense and subsequent prosecution is barred. The Blockburger test has been codified in Florida at section 775.021(4), Florida Statutes (1997). Section 775.021(4) provides, in pertinent part, that "offenses are separate if each offense, requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."
Knowledge on the part of the defendant that his driver's license was revoked must be proven under section 322.34(2)(c) and not under section 322.34(5). Revocation of a defendant's driver's license as a habitual traffic offender must be proven under section 322.34(5) but not under section 322.34(2)(c). Therefore, these offenses are separate and double jeopardy does not bar this subsequent prosecution. We reverse the dismissal of the information and remand for further proceedings.
REVERSED.
FARMER, KLEIN and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
In his motion for rehearing, William Cooke presents to this court his answer brief that, through the error of his counsel, was not timely filed and was not considered by this court in making its decision. We have considered that brief just as if it was timely filed. We remain of the opinion that the information should not have been dismissed and adhere to our original opinion. We deny Cooke's motion for rehearing.
FARMER, KLEIN and HAZOURI, JJ., concur.
NOTES
[1] (5) Any person whose driver's license has been revoked pursuant to § 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree.
[2] (2) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in § 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:

. . .
(c) A third or subsequent conviction is guilty of a felony of the third degree....