W. SHARP, J.
Roedel appeals from his adjudication and sentencing for driving with a suspended or revoked license,[1] and driving a motor vehicle without a valid license.[2] Roedel argues that because both of these offenses were based on one traffic incident which occurred on October 15, 1999, his double jeopardy rights were violated.[3] We agree that section 775.021(4)(b), Florida Statutes, bars these dual convictions.
In this case, Roedel was actually charged with a total of four offenses, in-eluding the two discussed above.[4] He entered a plea of no contest on all four and the court indicated it would sentence him to 36 months probation. At the sentencing, however, the judge said he could not sentence Roedel as he had suggested because of the results of the presentence investigation. He allowed Roedel to withdraw his pleas. However, Roedel said he did not want to go to trial. He then pled no contest and the court accepted the pleas. Roedel was sentenced to one year on probation, for driving on a suspended or revoked license with a special condition of 60 days in the county jail. For driving without a valid license, he was sentenced to a concurrent term of 60 days in jail.
Both of the driving offenses appear to be different degrees of the same core offense — unlawfully driving a motor vehicle without a valid driver’s license. Section 322.03(1) simply provides:
Except as otherwise authorized in this chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver’s license under the provisions of this chapter.
It is a second degree misdemeanor to violate this provision. See § 322.39, Fla. Stat. Section 322.34(2) provides:
Any person whose driver’s license or driving privilege has been canceled, suspended or revoked as provided by law, except persons defined in section 322.264, who, knowing of such cancellation and suspension or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended or revoked....
It is a second degree misdemeanor if it is a first conviction; first degree misdemeanor if a second conviction, and a felony if a third or subsequent conviction. Roedel was charged with a second conviction.
*1282 In construing the former versions of these two statutes, the first district found that both statutory offenses were different for double jeopardy purposes and therefore both could be charged based on the same factual act. See Lanier v. State, 226 So.2d 37 (Fla. 1st DCA 1969). The court found that each offense addressed a separate and distinct “evil.” Regarding operating a vehicle without a valid driver’s license, the court said that having a valid license is an integral part of the state’s highway safety program. As to driving with a suspended or revoked license, it said the “evil” was that the driver is acting in contempt and defiance of the law.
However, a person who violates either or both of the laws can be viewed as an unqualified operator of a motor vehicle driving without a valid license and posing a threat to public safety. Both statutes address the dual concerns of promoting public safety and punishing those who ignore the law and drive without a valid license. Section 322.34(2) contains some additional elements that are not included in section 322.03(1) (i.e., knowledge, and having had a driver’s license which was at the time of the driving canceled, suspended or revoked). Thus, some people cannot be convicted of violating section 322.34(2), who can be convicted of violating section 322.03(1). However, anyone who violates section 322.34(2) necessarily violates section 322.03(1), because he or she is driving without a valid driver’s license. In other words, section 322.03(1) is a necessary lesser included offense of section 322.34(2).
In section 775.021(4)(b), the Legislature expressed its intent to convict and sentence for each criminal offense proven in the course of one criminal episode or transaction, but it listed exceptions. Multiple convictions are not appropriate where the offenses require identical elements of proof, where the offenses are degrees of the same offense as provided by statute, and where a lesser offense has elements which are subsumed by the greater offense. In our view, section 775.021(4)(b) bars a conviction and sentence for a violation of both of these driving statutes, based on the same conduct or driving incident.
The next question is whether this court may reverse one of the convictions because, in this ease, Roedel entered pleas to these offenses. In Novaton v. State, 634 So.2d 607 (Fla.1994), the defendant entered into a plea agreement and pled guilty to multiple charges and agreed to multiple sentences. Two of the convictions would have been barred by double jeopardy principles set forth in Cleveland v. State, 587 So.2d 1145 (Fla.1991). The supreme court held that since the defendant did more than merely enter pleas to the charges, but additionally bargained with the state to eliminate the possibility of being sentenced to life without parole as a habitual violent felony offender, he waived his double jeopardy claims.
In this case, Roedel’s plea bargain for 36 months of probation was not acceptable to the court. When he ultimately tendered his no contest pleas and they were accepted, there was no plea bargain. In these circumstances, a double jeopardy or statutory bar argument may be raised if it is apparent from the record, and there is nothing in the record to indicate a waiver of the double jeopardy or statutory bar violation. See Novaton, 634 So.2d at 609. This type of error may also be raised for the first time on appeal. See State v. Johnson, 483 So.2d 420 (Fla.1986); Ford v. State, 749 So.2d 570 (Fla. 5th DCA 2000). Accordingly, we vacate the conviction and sentence for the lesser offense of driving without a valid license. We also note conflict with Lanier v. State, supra.
AFFIRMED in part; Judgment REVERSED; Sentence VACATED as to the Offense of Driving Without a Valid License.
THOMPSON, C.J., and GRIFFIN, J., concur.

. § 322.34(2)(b), Fla. Slat.

. § 322.03(1), Fla. Stat.

. Amend. V; U.S. Const. 1; Art. I, § 9, Fla. Const.

.§ 316.1935(2), Fla. Stat. (third degree felony of fleeing and eluding); §§ 316.193(1) and 316.193(2)(a), Fla. Stat. (driving under the influence).