816 So.2d 1203 (2002)
Anthony M. FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2985.
District Court of Appeal of Florida, Fourth District.
May 22, 2002.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Arising out of a singular offense, Anthony Franklin was convicted of the dual offenses of (1) driving after his license had been revoked pursuant to Florida Statutes section 322.264 [habitual offender], in violation of section 322.34(5), and (2) driving while his license was suspended, canceled, *1204 or revoked, in violation of section 322.34(2), felony level. By their express terms, these offenses are mutually exclusive, and accordingly we reverse Franklin's conviction of driving while his license was suspended, canceled, or revoked in violation of section 322.34(2)(c).
In pertinent part, section 322.34 provides:
Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. § 322.34(5), Fla. Stat. (2000)(emphasis added).
Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
. . .
(C) A third subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. § 322.34(2)(c), Fla. Stat. (2000).
(Emphasis added.)
Here, the trial court found Franklin's privilege to drive had previously been revoked pursuant to s. 322.264 as an habitual offender. Accordingly, by definition, Franklin cannot be convicted of a violation of s. 322.34(2), which expressly does not apply to persons whose licenses have been revoked pursuant to s. 322.264, i.e., habitual offenders.
Franklin's conviction for driving with a revoked license in violation of s. 322.34(5) is supported by competent substantial evidence, and is thus affirmed. However both convictions were used in computing Franklin's sentencing scoresheet; since we are reversing one of the underlying convictions used in its computation, the case is remanded on the remaining convictions for resentencing.[1]
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] In addition to the conviction for driving with a revoked license, habitual, which is affirmed, Franklin was also convicted of cocaine possession and resisting arrest without violence. These additional counts have not been challenged on appeal and shall be used to recalculate Franklin's sentence consistent with the foregoing opinion.