STONE, J.
We reverse Hagood’s conviction and sentence on the charge of driving while his license was revoked as a habitual traffic *253 offender pursuant to section 322.34(5), Florida Statutes (2000).
Hagood, while driving with a revoked license, was stopped by police for a traffic offense. Although eligible to apply for reinstatement, he had not done so.
At trial, defense counsel requested a jury instruction on driving without a valid driver’s license, a lesser-included offense. The trial court denied the request when .defense counsel could find no precedent on which to base his argument. We conclude that the instruction on driving without a valid driver’s license is a necessarily lesser-included offense of driving with a revoked license. The trial court’s failure to include the instruction, therefore, was error. See Roedel v. State, 773 So.2d 1280 (Fla. 5th DCA 2000).
In Roedel, the Fifth District, certifying conflict with the First District’s holding in Lanier v. State, 226 So.2d 37 (Fla. 1st DCA 1969), determined that a person could not be convicted and sentenced for driving without a valid driver’s license under section 322.03(1) and driving with a suspended or revoked license under section 322.34(2), without violating double jeopardy. Id. at 1282. In reaching this conclusion, the court reasoned that a person who violates section 322.34(2), by driving with a revoked or suspended license, necessarily violates section 322.03(1), driving without a valid license. Id.
We recognize that Hagood was convicted of driving after his license had been revoked as a habitual traffic offender in violation of section 322.34(5) and not section 322.34(2), the statute in question in Roedel. At present, there are no standard jury instructions for the traffic offense for which Hagood was* charged. However, the court, along with both attorneys, agreed that the jury should be instructed that the state was required to prove four things: (1) Hagood drove a vehicle upon a highway in Florida; (2) he did so while his driver’s license was revoked; (3) the driver’s license was revoked as a habitual traffic offender; and (4) notice had been given to Hagood before he drove the vehicle. While knowledge of revocation is a necessary element of section 322.34(2), which specifically excludes habitual offenders like Hagood, it is not required for subsection (5). See State v. Cooke, 767 So.2d 468, 469 (Fla. 4th DCA 1999).
This distinction is not controlling, however, as we, instead, focus on the similarities. Both offenses are subsumed by the offense of driving without a valid license. In other words, a person cannot commit the latter without committing the former— the very definition of a necessarily lesser-included offense. State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). In Wimberly, the supreme court recognized that:
A “necessarily lesser included offense” is, as the name implies, a lesser offense that is always included in the major offense. The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given.

Id.

Here, the sole instruction given left no room for the jury to exercise its “pardon power.” See id.; State v. Baker, 456 So.2d 419, 420-21 (Fla.l984)(explaining the non-constitutional right to an instruction which would give the jury an opportunity to convict the defendant of an offense carrying a punishment less severe than the punishment he could receive for the crime charged). As the judge had no discretion to deny Hagood’s request for an instruction on the necessarily lesser-included offense, we must reverse.
*254 We have also considered, and reject, the state’s assertion that the instruction was waived and that failure to grant it was harmless error. We remand for new trial.
GUNTHER and KLEIN, JJ., concur.