WARNER, J.
We affirm appellant’s conviction of felony driving with a suspended license, to which he pled guilty, along with thirty-one other offenses. He contends that his conviction violated Franklin v. State, 816 So.2d 1203 (Fla. 4th DCA 2002), which held that one cannot be guilty of both a violation of Florida Statute section 322.34(2), felony driving while license suspended, and section 322.34(5), habitual offender driving while license suspended, based upon a singular offense. We disagree, as Franklin is inapplicable.
*953 Section 322.34(2), Florida Statutes (2001), penalizes driving on a suspended or revoked license. A third conviction results in a felony conviction. See § 322.34(2)(c). Section 322.34(2) excludes persons found to be habitual traffic offenders. On the other hand, section 322.34(5) penalizes driving while one’s license is revoked pursuant to section 322.264, Florida Statutes (2001), which defines a habitual traffic offender. Thus, sections 322.34(2) and 322.34(5) are mutually exclusive as applied to a single offense, as Franklin held. See 816 So.2d at 1204.
Franklin does not apply to the facts of this case. Appellant’s convictions and sentences did not involve a single offense. Instead, he was charged with one offense in 2001 and three offenses in 2002, but they were all resolved by a plea agreement in 2002. For the offense in 2001, he pled guilty to felony driving while license suspended in violation of section 322.34(2)(c), which requires two prior convictions for driving while license suspended. For the 2002 offenses, he also pled guilty to three charges of violating section 322.34(5) for driving while his license was revoked as a habitual traffic offender pursuant to section 322.264.
To be convicted of a violation of section 322.34(5), one must first qualify as a habitual traffic offender, which requires three separate convictions of specified traffic offenses. See § 322.264(1). The Department of Highway Safety and Motor Vehicles must then revoke the person’s license pursuant to section 322.27(5), Florida Statutes (2001). A person who drives while his or her license is revoked pursuant to section 322.264 may then be charged under section 322.34(5).
Appellant was charged and pled guilty to three violations of section 322.34(5) for his 2002 offenses. He maintains in his appeal that he must have already qualified as a habitual offender for the 2001 offense because there is nothing in the record to show any other offenses between the 2001 offense and the 2002 offenses. On the other hand, it may be just as likely that the 2001 offense was properly charged, convicted, and sentenced, but the 2002 offenses were not, because the 2001 charge was not reduced to a conviction by the time of the 2002 offenses and, therefore, could not serve as the predicate third conviction for a license revocation as a habitual traffic offender.
Because it is not apparent from the record on what prior convictions the offenses in either 2001 or 2002 were based, and appellant pled guilty pursuant to a plea agreement, we must affirm. We do so without prejudice to appellant seeking postconviction relief, if appropriate.
Appellant has also claimed he is entitled to additional jail credit. However, based upon Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), we conclude he is not.
Affirmed.
KLEIN and TAYLOR, JJ., concur.