ROTHENBERG, J.
The State of Florida appeals the trial court’s order dismissing the information charging Pedro Gil (“the defendant”) with unlawfully driving a motor vehicle while his driver’s license is revoked as a habitual traffic offender pursuant to section 322.34(5), Florida Statutes (2009), based on double jeopardy grounds. Because we agree with the Fourth District Court’s decision in State v. Cooke, 767 So.2d 468 (Fla. 4th DCA 1999), that convictions for violation of sections 322.34(2) and (5) do not constitute double jeopardy, and for the reasons stated herein, we reverse.
The defendant was arrested and issued several citations for driving with a revoked driver’s license pursuant to section 322.34(5) (habitual traffic offender revocation), driving with a suspended driver’s license pursuant to section 322.34(2), and various other traffic offenses. On October 27, 2009, the defendant was formally charged with violating section 322.34(2), a misdemeanor, and other traffic offenses in county court, and with violating section 322.34(5), a felony, in circuit court. The defendant pled guilty to violating section 322.34(2) in county court on October 27, 2009, and then moved to dismiss the felony charged under section 322.34(5) filed in circuit court, on double jeopardy grounds. The trial court granted the defendant’s motion, finding that convictions under section 322.34(2) and 322.34(5) would constitute double jeopardy.
Our analysis is governed by section 775.021(4), Florida Statutes (2009), codifying the double jeopardy guidelines established by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and the Florida Supreme Court’s decision in Valdes v. State, 3 So.3d 1067, 1076 (Fla. 2009), adopting Justice Cantero’s special concurrence in State v. Paul, 934 So.2d 1167, 1176 (Fla.2006), concluding that the legislative intent in section 775.021(4)(b)(2) was to “disallow separate punishments for crimes arising from the same criminal transaction only when the statute itself provides for an offense with multiple degrees.”
Section 775.021 provides in relevant part:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each crimi *1001 nal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
A review of subsections (2) and (5) of section 322.34 reflect that violations do not require identical elements of proof because they include elements not found in the other, and that neither offense is a lesser included offense of the other. See also Cooke, 767 So.2d at 469 (concluding that subsections 322.34(2) and (5) contain elements not found in the other offense, and therefore convictions for both offenses do not constitute double jeopardy). Thus, the issue we must resolve is whether these offenses are “degrees of the same offense” under section 775.021(4)(b)(2) or “degree variants” under Valdes.
At first blush, section 322.34(5), dealing with habitual traffic offenders, appears to be a degree variant of section 322.34(2), dealing with drivers who have had their licenses canceled, suspended, or revoked for a reason other than being a habitual traffic offender, because they are found in the same statute. However on closer inspection, it is not, and, in fact, these offenses have little in common except they both provide for punishment for driving while a driver’s license or privilege is revoked.
Section 322.34 provides in relevant part as follows:
(1) Except as provided in subsection (2), any person whose driver’s license or driving privilege has been canceled, suspended, or revoked, except a “habitual traffic offender” as defined in s. 322.264, who drives a vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked is guilty of a moving violation, punishable as provided in chapter 318.
(2) Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree....
(b) A second conviction is guilty of a misdemeanor of the first degree....
(c) A third or subsequent conviction is guilty of a felony of the third degree....
[[Image here]]
(5) Any person whose driver’s license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree....
Subsection (5) is not a degree variant of subsection (2) because: subsection (2) punishes for driving with a canceled or revoked license, whereas subsection (5) only punishes for driving with a revoked license; subsection (2) requires that the driver have knowledge that his license was canceled, suspended, or revoked, whereas subsection (5) does not require knowledge; and subsection (2) provides for different penalties based on the number of convictions the driver has for violating section 322.34 (sixty days incarceration for a first conviction, 364 days incarceration for a second conviction, and five years incarceration for a third or subsequent conviction), whereas a violation under subsection (5) is punishable up to five years incarceration regardless of the number of times the driver has been convicted for this offense. Additionally, subsection (2) specifically ex- *1002 eludes habitual traffic offenders under subsection (5) from its application: “Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264 [the habitual traffic offender statute].... ” § 322.34(2), Fla. Stat. (2009) (emphasis added).
Subsection (5) is also not a degree variant of subsection (2) because a violation of subsection (2) is not a “moving violation,” whereas a violation of subsection (5) is a “moving violation,” see § 322.34(1); and the cancellation, suspension, or revocation of a driver’s license under subsection (2) is based on the number of “points” a driver has accumulated pursuant to the point system provided in section 322.27 over a certain period of time, whereas subsection (5) is based on the number of convictions for the offenses listed in sections 322.264(1) and (2) over a five-year period.
When a driver’s license is suspended under section 322.34(2) it is because the driver has accumulated a specific number of “points” or upon a conviction for certain offenses. Section 322.27(3) provides for the assessment of points: four points for reckless driving; six points for leaving the scene of an accident resulting in property damage of more than $50; six points for driving at an unlawful speed resulting in a crash; four points for passing a stopped bus; various points for driving in excess of certain posted speed limits; four points for violating certain traffic control devices; three points for all other moving violations; three points for any conviction under section 403.413(6)(b); and four points for any conviction under section 316.0775(2). Pursuant to section 322.27(3) when a licensee accumulates a certain number of points during a specific period of time, his license shall be suspended for a certain number of days:
(a) When a licensee accumulates 12 points within a 12-month period, the period of suspension shall be for not more than 30 days.
(b) When a licensee accumulates 18 points, including points upon which suspension action is taken under paragraph (a), within an 18-month period, the suspension shall be for a period of not more than 3 months.
(c) When a licensee accumulates 24 points, including points upon which suspension action is taken under paragraphs (a) and (b), within a 36-month period, the suspension shall be for a period of not more than 1 year.
Section 322.27 also provides for suspension of a driver’s license where mandated by law, for example: after a conviction for violation of a traffic law that resulted in a crash that caused the death or personal injury of another or property damage in excess of $500, under section 322.27(1)(b); if the driver is incompetent to drive a motor vehicle, under section 322.27(l)(c), etc.
Whereas suspension or revocation under subsection (2) of section 322.34 is based on the number of accumulated points or the commission of certain offenses, subsection (5) is based on the number of traffic convictions during a specified period of time. Subsection (5) provides that “[a]ny person whose driver’s license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree.... ” Section 322.264, the habitual traffic offender statute, provides that “[a] ‘habitual traffic offender’ is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses de *1003 scribed in subsection (1) or subsection (2) within a 5-year period.”
Because suspension or revocation under subsection (2) of section 322.34 is based on entirely different conduct and on a completely different criteria than a revocation under subsection (5), subsection (5) cannot be a degree variant of subsection (2), and therefore convictions for violating subsection (2) and subsection (5) do not constitute double jeopardy. Subsection (2) punishes those who drive while their license is canceled, suspended, or revoked as a result of having committed certain enumerated offenses or by accumulating a certain number of points over a specified period of time. Subsection (5) punishes those who drive while their license is revoked as a result of being convicted of a certain number of the specified offenses. Each time a driver commits a subsection (2) violation, he is assessed moving violation points and the penalty increases. On the other hand, driving on a revoked license under subsection (5) does not result in the award of additional points nor an increased penalty.
Based on the reasons articulated in this opinion, we reverse the trial court’s order dismissing the information charging the defendant with driving a motor vehicle while his driver’s license is revoked as a habitual traffic offender pursuant to section 322.34(5).
Reversed and remanded.