SILBERMAN, Chief Judge.
Adam J. Lafferty appeals his judgment and sentence for the third-degree felony of robbery by sudden snatching. He was previously convicted and served his sentence for petit theft for the taking of the items in the victim’s purse that was the subject of the robbery by sudden snatching. We agree with Lafferty that double jeopardy principles prohibit his subsequent prosecution for robbery by sudden snatching. Thus, the trial court should have granted Laffert/s motion to dismiss, and we reverse Laffert/s conviction and sentence for robbery by sudden snatching.
This case arises from a purse snatching that occurred on June 6, 2011, outside a Target store. A complaint/arrest affidavit filed in county court on June 8, 2011, alleged that Lafferty committed the offense of petit theft by having property in his possession that was stolen from the victim of a robbery by sudden snatching. The complaint alleged that the robbery was still being investigated. It further alleged that the stolen property was valued at less than $300, but the complaint did not allege that the property was valued at $100 or more. The complaint cited the violation of section 812.014, Florida Statutes (2010), the theft statute, but did not provide which subsection of the statute was violated.[1]
A judgment and sentence rendered on June 10, 2011, showed that Lafferty entered a no contest plea and was adjudicated guilty of the offense of petit theft. The judgment does not cite a statute number for the petit theft. Lafferty was sentenced to time served of one day and ordered to pay costs; jurisdiction was reserved to determine the amount of restitution to the victim.
On July 22, 2011, the State filed an information in circuit court charging Laf-ferty with robbery by sudden snatching for the event that occurred on June 6, 2011, in violation of section 812.131(2)(b). The vic *1117 tim is the same victim listed on the judgment and sentence in the petit theft case. Lafferty filed a motion to dismiss, alleging a double jeopardy violation. After a hearing on the motion, the trial court denied the motion, relying upon McKinney v. State, 66 So.3d 852 (Fla.), cert. denied, — U.S. -, 132 S.Ct. 527, 181 L.Ed.2d 369 (2011). Lafferty subsequently entered a guilty plea, reserving the right to appeal the denial of his motion to dismiss. Laf-ferty was sentenced to eight months in prison, and it was undisputed that the amount of restitution to the victim for the value of the property taken was $245. Lafferty timely appealed.
Lafferty contends on appeal that the trial court should have granted his motion to dismiss because the robbery by sudden snatching is a successive prosecution that violates the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution. Our review of a double jeopardy claim with undisputed facts is a question of law reviewed de novo. McKinney, 66 So.3d at 853.
To determine if a subsequent prosecution violates double jeopardy principles, the courts employ the Blockburger[2] test, also known as the same-elements test, codified in section 775.021(4), Florida Statutes (2010). See State v. Johnson, 676 So.2d 408, 410 (Fla.1996); Duff v. State, 942 So.2d 926, 928 (Fla. 5th DCA 2006). Section 775.021(4) provides as follows:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature' is to convict and sentence for each' criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
(Emphasis added.)
The court first determines whether the Blockburger test of section 775.021(4)(a) shows that the offenses each contain an element that the other does not. Duff, 942 So.2d at 928. “If they do not, double jeopardy bars multiple prosecutions or convictions. If they each contain separate elements, then the court must determine if one of the three exceptions in section 775.021(4)(b) applies.” Id. The Blockburger test, looks to the statutory elements of the offenses, not to the particular pleadings or proof. Id. at 929.
The offense of robbery by sudden snatching contains elements that are not contained in the offense of petit theft. To prove robbery by sudden snatching, the State must establish that money or property of some value was taken from the victim’s person with the intent to deprive the *1118 victim of the right to the property and that in the course of the taking the victim “ ‘was or became aware of the taking.’” Clark v. State, 43 So.3d 814, 816 n. 4 (Fla. 1st DCA 2010) (quoting In re Standard Jury Instructions in Criminal Cases—Report No. 2008-08, 6 So.3d 574, 587 (Fla.2009)). The offense of petit theft does not require the taking to be from the victim’s person and does not require the victim to become aware of the taking during the course of the taking.
However, petit theft of the second degree does not contain an element that robbery by sudden snatching does not contain. Section 812.014(1) defines theft as follows:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
Absent exceptions inapplicable here, if the value of the stolen property is $100 or more, but less than $300, the offense is petit theft of the first degree which is a first-degree misdemeanor. § 812.014(2)(e). The theft of any property not specified in subsection (2) is petit theft of the second degree which is a second-degree misdemeanor. § 812.014(3)(a).
The State relies upon McKinney, in which our supreme court determined that convictions for grand theft and robbery with a firearm that arose out of the same criminal transaction did not violate double jeopardy principles. 66 So.3d at 857. In determining that each offense required proof of an element that the other did not, the court recognized that grand theft requires the State to prove the element of the value of the property taken. Id.; see also § 812.014(2)(c)(l) (providing that if the property stolen is valued at $300 or more, but less than $5000, then the theft is grand theft of the third degree).
In Estremera v. State, 89 So.3d 291, 292 (Fla. 5th DCA 2012), which involved a double jeopardy claim concerning robbery and petit theft, the Fifth District distinguished McKinney. In doing so, the Fifth District recognized that petit theft is a necessarily lesser-included offense of robbery. Id. A necessarily lesser-included offense by definition is subsumed by the primary offense. See Clark, 43 So.3d at 816. Petit theft of the second degree is a necessarily included, or category one, offense of robbery by sudden snatching. See Fla. Std. Jury Instr. (Crim.) 15.4. Thus, petit theft of the second degree has no elements that robbery by sudden snatching does not. Because the Block-burger test set forth in section 775.021(4)(a) is not met, the offenses cannot be treated as separate offenses and double jeopardy principles bar a subsequent prosecution for robbery by sudden snatching. See Johnson, 676 So.2d at 410; Duff, 942 So.2d at 928.
The State argues that, unlike Estrem-era, the present case is not distinguishable from McKinney. The State contends that it appears that Lafferty entered a no contest plea to petit theft in the first degree, an offense which requires proof that the property stolen is valued at $100 or more, but less than $300. See § 812.014(2)(e). The State concludes that the conviction was for petit theft in the first degree by looking to the plea hearing in the robbery by sudden snatching case where it was asserted that the value of the property taken was $245 and restitution in that amount was ordered. However, as noted above, in conducting the Blockburger test *1119 the courts must focus on the statutory elements and are not to consider the pleadings or the proof. Duff, 942 So.2d at 929.
Neither the complaint/arrest affidavit nor Lafferty’s judgment for petit theft indicated that he was charged with or convicted of a violation of section 812.014(2)(e) (petit theft in the first degree). The complaint only alleged a violation of section 812.014 in general and did not allege that the value of the property stolen was $100 or more. Based on that charge, Lafferty could only be convicted of a violation of section 812.014(3)(a) (petit theft in the second degree) which requires no value element. See Tillman v. State, 329 So.2d 370, 371 (Fla. 2d DCA 1976) (stating that when the value of property was not alleged in the information, the defendant could only be convicted of petit larceny even though the proof at trial showed grand larceny); Michutka v. State, 506 So.2d 1, 2 (Fla. 1st DCA 1986) (stating that it is fundamental error to convict a defendant of a crime with which he was not charged).
Thus, Lafferty has been convicted of petit theft in the second degree, an offense that contains no elements that are not already contained in the offense of robbery by sudden snatching. Therefore, according to section 775.021(4)(a), the offenses are not separate, and double jeopardy principles prohibit this subsequent prosecution for robbery by sudden snatching. Accordingly, the trial court should have granted Lafferty’s motion to dismiss, and we reverse his conviction and sentence for robbery by' sudden snatching.
Reversed.
ALTENBERND and SLEET, JJ., Concur.

. A second complainVarrest affidavit was filed on July 4, 2011, alleging that Lafferty committed the offense of robbery by sudden snatching based on the same event that gave rise to the petit theft charge.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).