KELLY, Judge.
William Spence was convicted of the offenses of driving while license is permanently revoked (habitual offender), fleeing or eluding, resisting arrest without violence, refusal to submit to testing, and leaving the scene of a crash involving property damage. He argues that he is entitled to a new trial on the driving with a revoked license charge because the trial court failed to give a jury instruction on the necessarily included lesser offense of no valid driver’s license. We agree.
A trial court commits reversible error when it fails to give a jury instruction on a necessarily included lesser offense when the defendant requests it. See Hagood v. State, 824 So.2d 252, 253 (Fla. 4th DCA 2002) (citing State v. Wimberly, 498 So.2d 929, 932 (Fla.1986) (“The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense.”)). Recognizing the jury’s pardon power, the supreme court has stated that, “ ‘[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.’ ” Sanders v. State, 946 So.2d 953, 957 (Fla.2006) (alteration in original) (quoting Reddick v. State, 394 So.2d 417, 418 (Fla.1981)). Because the crime of no valid driver’s license is a necessarily included lesser offense of driving while license, is permanently revoked (habitual offender), see Fla. Std. Jury Instr. (Crim.) 28.11(a), the trial court erred in failing to give the instruction. The defense repeatedly objected when the trial court stated during the charge conference that it was not going to give an instruction on the lesser offense. Therefore, the issue was preserved for appellate review.
Accordingly, we reverse Spence’s conviction for driving while license is permanently revoked and remand for a new trial on that count. We affirm Spence’s remaining convictions and sentences.
Affirmed in part; reversed in part.
WALLACE and KHOUZAM, JJ., Concur.