PER CURIAM.
The appellant was convicted of two counts of robbery and one count of grand theft arising from the robberies. The state concedes that the grand theft conviction was error under Sirmons v. State, 634 So.2d 153 (Fla.1994). However, although the state concedes that the multiple convictions on the robbery counts were error, we do not agree. Appellant and his codefendant committed a robbery at a shoe store. In doing so, they obtained money from the safe and the code-fendant ripped two necklaces off the neck of one of the employees. Convictions for both counts of robbery were appropriate. See Cobb v. State, 586 So.2d 1298 (Fla. 2d DCA 1991). While appellant argues that the eode-fendant’s snatching of the jewelry from the employee was an independent act for which appellant should not be held responsible, we disagree. From the record a reasonable inference was that the robbery of the employee was a “natural and probable consequence of the conspiracy” to rob the store. See Martinez v. State, 413 So.2d 429 (Fla. 3d DCA 1982).
We affirm both convictions for robbery but reverse and vacate the grand theft conviction and sentence. As appellant was habitualized on the robbery counts, which we do not reverse, there is no need to remand for re-sentencing on those counts due to the absence of the grand theft conviction.
DELL, C.J., and WARNER and PARIENTE, JJ., concur.