763 So.2d 1056 (1999)
Michael JUNIOR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1765.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Junior challenges his dual convictions for strong armed robbery and grand theft on the ground that they violate his constitutional protection against double jeopardy under article I, section 9, of the *1057 Florida Constitution and the Fifth and Fourteen Amendments to the United States Constitution. We agree.
Appellant was charged, in a six count information, with burglary (Count I), kidnapping (Count II), sexual battery with great force (Count III), lewd and lascivious act upon an elderly person (Count IV), strong armed robbery (Count V), and grand theft (Count VI). The robbery and theft counts describe the same property in satisfying the statutory elements, i.e., "jewelry, and cash, good and lawful currency of the United States of America, and keys." The trial court adjudicated the appellant guilty of strong armed robbery and grand theft based on the taking of the same property.
We find that the dual convictions are contrary to our supreme court's holding in Sirmons v. State, 634 So.2d 153 (Fla.1994). See § 775.021(4)(b), Fla. Stat. (1997). Additionally, grand theft is a lesser included offense of robbery. Fla. Std. Jury Instr. (Crim.) 295; Guinto v. State, 693 So.2d 46 (Fla. 4th DCA 1997); Santos v. State, 644 So.2d 171 (Fla. 4th DCA 1994) (conviction of robbery and grand theft erroneous under Sirmons).
Accordingly, we affirm the robbery conviction and vacate the grand theft conviction. Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998). However, because vacating the grand theft conviction will not affect appellant's sentence, there is no need to remand for resentencing. Santos.
AFFIRMED in part, REVERSED in part.
WARNER, STEVENSON and TAYLOR, JJ., concur.