FARMER, C.J.
The state concedes that defendant’s dual convictions for grand theft and robbery of the same property constitute double jeopardy. We agree with that concession. See Sirmons v. State, 634 So.2d 153 (Fla.1994) (holding that convictions for strong armed robbery and grand theft for taking of same property constitute double jeopardy); Junior v. State, 763 So.2d 1056 (Fla. 4th DCA 1999) (same).
In addition, grand theft is a lesser included offense of robbery. Fla. Std. Jury Instr. (Crim.) 295; Santos v. State, 644 So.2d 171 (Fla. 4th DCA 1994) (conviction of robbery and grand theft error under Sirmons). Accordingly, we affirm the robbery conviction and vacate the grand theft conviction. Because eliminating the grand theft conviction will not affect appellant’s sentence, however, there may be no need for resentencing. Santos, 644 So.2d at 172. We leave that decision up to the trial judge.
REVERSED.
POLEN, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.