928 So.2d 1262 (2006)
Detavioun D. INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3097.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for robbery with a deadly weapon, grand theft, and aggravated assault. He argues that the convictions for robbery and grand theft violate his constitutional right against double jeopardy. The State concedes the issue. We reverse.
The defendant and friends crashed a party. When the party host ordered them out of the house, the defendant pulled a gun. On his way out of the home, one of the intruders took a chain from one of the *1263 guests. The defendant again used his gun to prevent the guest from taking any action to regain possession of the chain. The State charged the defendant with robbery with a deadly weapon, grand theft, and aggravated assault. The jury convicted the defendant of all three crimes.
Our federal and state constitutions guarantee protection against double jeopardy. Amends. V, XIV, U.S. Const.; Art. I, § 9, Fla. Const. Theft is a permissive lesser included offense of robbery with a firearm or deadly weapon. Fla. Std. Jury Instr. (Crim.) 15.1 tbl.; Junior v. State, 763 So.2d 1056 (Fla. 4th DCA 1999). When the property taken is the basis for both the conviction for robbery and grand theft, then the defendant's double jeopardy rights have been violated. Sirmons v. State, 634 So.2d 153 (Fla.1994); Miller v. State, 867 So.2d 1274 (Fla. 4th DCA 2004). The State agrees.
For this reason, we reverse and remand the case for the trial court to vacate the grand theft conviction and sentence.
Reversed and Remanded.
STEVENSON, C.J., and GUNTHER J., concur.