ORFINGER, J.
 

 Horace McKinney appeals his convictions of grand theft and robbery with a firearm, which arose from a single taking of cash and a cell phone at gunpoint. McKinney contends that the dual convictions violate his protection against double jeopardy. We disagree and affirm.
 

 “The most familiar concept of the term ‘double jeopardy’ is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions and punishments for the same criminal offense.”
 
 Valdes v. State,
 
 3 So.3d 1067, 1069 (Fla.2009). However, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction, as long as the Legislature intends to authorize separate punishments.
 
 Hayes v. State,
 
 803 So.2d 695, 699 (Fla.2001). Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the
 
 Blockburger
 

 [1]
 

 test, as codified in section 775.021, Florida Statutes, to determine whether separate offenses exist. Section 775.021(4) provides:
 

 (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense.... For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
 

 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
 

 McKinney contends that robbery and theft are simply aggravated forms of the same underlying offense. Consequently, McKinney asserts that section 775.021(4)(b)2., precluding dual convictions for “offenses which are degrees of the same offense as provided by statute,” mandates a robbery conviction alone. Until recently, precedent supported McKinney’s argument. In
 
 Sirmons v. State,
 
 634 So.2d 153 (Fla.1994), our supreme court held that convictions for robbery with a weapon and grand theft arising from a single act could not stand under section 775.021(4)(b)2. because both offenses were aggravated forms of the same underlying offense, distinguished only by degree.
 
 See, e.g., Ward v. State,
 
 898 So.2d 1152 (Fla. 5th DCA 2005);
 
 Elozar v. State,
 
 825 So.2d 490 (Fla. 5th DCA 2002). The supreme court narrowed that holding in
 
 Gordon v. State,
 
 780 So.2d 17, 23 (Fla.2001), concluding that courts must discern the “primary evil” that a specific offense is intended to punish in order to determine whether the offenses are degree variants of each other under section 775.021(4)(b)2.
 
 See State v. Paul,
 
 934 So.2d 1167, 1175
 
 *684
 
 (Fla.2006);
 
 State v. Florida,
 
 894 So.2d 941, 948-49 (Fla.2005).
 

 In
 
 Valdes,
 
 the supreme court cast aside the “primary evil” standard utilized in
 
 Gordon,
 
 and more narrowly construed the “degree variants” standard referenced in
 
 Sirmons,
 
 holding:
 

 [T]he plain meaning of the language of subsection (4)(b)(2), providing an exception for dual convictions for “[ojffenses which are degrees of the same offense as provided by statute,” is that “[t]he Legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the
 
 statute
 
 itself provides for an offense with multiple degrees.”
 

 Id.
 
 at 1076 (quoting
 
 Paul,
 
 934 So.2d at 1176 (Cantero, J., specially concurring)). The court explained that the exception found in section 775.021(4)(b)2. is intended to apply narrowly and prohibits separate punishments
 
 only
 
 when a criminal statute provides for variations in degree of the same offense, such as the theft statute, which expressly identifies three degrees of grand theft and two degrees of petit theft or the homicide statute, which specifically categorizes three degrees of murder as well as multiple forms of manslaughter.
 
 Id.
 
 Only in such a circumstance would section 775.021(4)(b)2. bar separate punishments, as the defendant would be punished for violating two or more degrees of a single offense.
 
 Id.
 
 (citing
 
 Sirmons,
 
 634 So.2d at 156 (Grimes, J., dissenting)).
 

 By statute, robbery is not a degree of theft nor is theft a degree of robbery. As a result, utilizing the analysis mandated by
 
 Valdes,
 
 we conclude that section 775.021(4)(b)2. does not prohibit McKinney’s convictions for robbery with a firearm and grand theft. In doing so, we expressly and directly certify conflict with
 
 Shazer v. State,
 
 3 So.3d 453 (Fla. 4th DCA 2009), which holds to the contrary, relying on
 
 Sirmons
 
 rather than
 
 Valdes.
 

 We find no merit in the sole remaining issue.
 

 AFFIRMED.
 

 LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).