66 So.3d 852 (2011)
Horace McKINNEY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC10-140.
Supreme Court of Florida.
June 16, 2011.
*853 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, FL, for Petitioner.
Pamela Jo Bondi, Attorney General, Tallahassee, FL, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, FL, for Respondent.
PER CURIAM.
This case is before the Court for review of the decision of the Fifth District Court of Appeal in McKinney v. State, 24 So.3d 682 (Fla. 5th DCA 2009). The district court certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in Shazer v. State, 3 So.3d 453 (Fla. 4th DCA 2009). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Because we find our decision in Valdes v. State, 3 So.3d 1067 (Fla.2009), controlling, we disapprove of the Fourth District's decision in Shazer and approve the Fifth District's decision in McKinney.

FACTS
The facts in this case are not in dispute. On the evening of September 11, 2007, Horace McKinney approached Bernard Vivandieu in his driveway. Vivandieu had recently picked up a money wire transfer of $290.30 from Western Union and McKinney had followed him home. McKinney approached him, pointing a gun to his side, and asked for the money. Vivandieu stated he had no money, but McKinney eventually found the money where Vivandieu had placed it in the car between the seats and took it and Vivandieu's cell phone. McKinney was convicted of grand theft and robbery with a firearm for the incident.[1] For the grand theft charge, McKinney was sentenced to 237 days in the Orange County Jail and given credit for the 237 days he spent incarcerated awaiting imposition of the sentence. On the robbery charge, McKinney received twenty-five years, ten of which was the mandatory minimum sentence. On appeal to the Fifth District, McKinney argued that his dual convictions violated the prohibition against double jeopardy. The Fifth District disagreed and affirmed the convictions, certifying conflict with Shazer.

STANDARD OF REVIEW
"A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006) (citing State v. Florida, 894 So.2d 941, 945 (Fla.2005)).

MERITS
McKinney was convicted for violations of sections 812.13(2)(a) and 812.014(2)(c)(1), Florida Statutes (2007), *854 and alleges that these convictions violate the proscription against double jeopardy. "Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger[[2]] test, as codified in section 775.021, Florida Statutes, to determine whether separate offenses exist." McKinney, 24 So.3d at 683 (footnote omitted). There is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments. Valdes, 3 So.3d at 1069 (citing Hayes v. State, 803 So.2d 695, 699 (Fla.2001)); Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982) ("The Double Jeopardy Clause `presents no substantive limitation on the legislature's power to prescribe multiple punishments,' but rather, `seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.'") (quoting State v. Hegstrom, 401 So.2d 1343, 1345 (Fla.1981)).
In its entirety, section 775.021(4) provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2009). McKinney alleges that each of the exceptions provided in paragraph (b) apply to his convictions. We disagree.
Originally, we interpreted section 775.021(4)(b) to exempt offenses that arose from the same "core offense" or "primary evil," but in Valdes, we determined that this line of reasoning was no longer tenable. McKinney first alleges that his offenses violate double jeopardy because they are essentially degree variants of one another as described in section 775.021(4)(b)2. Under Valdes, this argument can only be valid if the statutes themselves provide such a classification.
After a review of the conflict issue, we find our decision in Valdes controlling. In Valdes, we considered whether dual convictions for discharging a firearm from a vehicle within 1000 feet of a person in violation of section 790.15(2), Florida Statutes (2003), and shooting into an occupied vehicle in violation of section 790.19, Florida Statutes (2003), arising from the same criminal episode, violated double jeopardy. Valdes, 3 So.3d at 1068. Because we concluded that the prior double jeopardy "primary evil" standard proved difficult to apply and strayed from the plain language of the statute, we adopted the approach provided in Justice Cantero's special concurrence in State v. Paul, 934 So.2d 1167 *855 (Fla.2006). Valdes, 3 So.3d at 1068. In so doing, we held "that section 775.021(4)(b)(2), Florida Statutes (2008), prohibits `separate punishments for crimes arising from the same criminal transaction only when the statute itself provides for an offense with multiple degrees.'" Valdes, 3 So.3d at 1068 (quoting Paul, 934 So.2d at 1176 (Cantero, J., specially concurring)).
In Valdes, as in the instant case, the defendant was convicted of two crimes, codified in separate statutes, arising from a single occurrence. Valdes fired shots from his vehicle into a vehicle standing next to him at a red light. Valdes, 3 So.3d at 1068. As in the instant case, Valdes argued that the convictions violated double jeopardy alleging that the offenses were degrees of the same offense. As in the instant case, the crimes each required a proof of an element that the other did not. Id. at 1071. Under the "primary evil" line of cases, the convictions would have been considered degree variants of each other. However, we concluded "that the `primary evil' test defies legislative intent because it strays from the plain meaning of the statute." Id. at 1075. We further stated:
By applying the "primary evil" gloss to the second statutory exception, we have added words that were not written by the Legislature in enacting the double jeopardy exceptions of section 775.021(4) and specifically subsection (4)(b)(2). Rather, this exception simply states that there is a prohibition against multiple punishments for offenses which are "degrees of the same offense." There is no mention of "core offense" and certainly no mention of "primary evil." Further, there is no rule of construction that would compel this Court to require such an analysis based on constitutional considerations. There is no constitutional prohibition against narrowly interpreting double jeopardy exceptions precisely because there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode, as long as the Legislature intends such punishments.
Id. at 1075-76 (citations omitted). Accordingly, we adopted the approach proposed by Justice Cantero in Paul. Valdes, 3 So.3d at 1076 (quoting Paul, 934 So.2d at 1176 (Cantero, J., specially concurring)). In so doing, we receded from Gordon v. State, 780 So.2d 17 (Fla.2001), Florida, and Paul. Valdes, 3 So.3d at 1076-77 (finding the "primary evil" test unworkable).[3] Ultimately, we concluded that "the only offenses that fall under subsection (4)(b)2., are those that constitute different degrees of the same offense, as explicitly set forth in the relevant statutory sections." Id. at 1077.
As this holding was applied to Valdes' convictions under sections 790.19 and 790.15, we found that the violations did "not satisfy the second statutory exception because the two offenses are found in separate statutory provisions; neither offense is an aggravated form of the other; and they are clearly not degree variants of the same offense." Valdes, 3 So.3d at 1077. In contrast, we noted that sections 790.15(1), 790.15(2), and 790.15(3) were explicitly degree variants of the same offense. Valdes, 3 So.3d at 1077-78. As we held in Valdes, here there is no question that the Legislature did not expressly provide that robbery and grand theft are degree variants of the same offense. Despite this bright-line rule, McKinney argues that we may wish to follow the Fourth District's decision in Shazer, which provides that grand theft is a degree variant of robbery. We decline to do so.
*856 Ignoring this Court's holding in Valdes, the Fourth District Court of Appeal has found that dual convictions for robbery and grand theft violate double jeopardy protection. See Shazer, 3 So.3d at 454 (relying on Ingram v. State, 928 So.2d 1262 (Fla. 4th DCA 2006) to find dual convictions for robbery with a deadly weapon and grand theft violated double jeopardy where the same property formed the basis for both convictions).[4] In Ingram, the Fourth District noted that "[t]heft is a permissive lesser included offense of robbery with a firearm or deadly weapon." Ingram, 928 So.2d at 1263 (citing Fla. Std. Jury Instr. (Crim.) 15.1 tbl.; Junior v. State, 763 So.2d 1056 (Fla. 4th DCA 1999)). However, the Ingram decision predates this Court's decision in Valdes, and is therefore not persuasive.
The Fifth District reached the opposite conclusion in McKinney after applying Valdes. Noting that "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction, as long as the Legislature intends to authorize separate punishments," the court affirmed McKinney's dual convictions for robbery with a firearm and grand theft. McKinney, 24 So.3d at 683 (citing Hayes v. State, 803 So.2d 695, 699 (Fla.2001)). The court rejected McKinney's contention that robbery and theft are simply aggravated forms of the same underlying offense. The court noted that while until recently precedent supported McKinney's argument, our ruling in Valdes made clear that section 775.021(4)(b)2. "prohibits separate punishments only when a criminal statute provides for variations in degree in the same offense." McKinney, 24 So.3d at 684 (citing Valdes, 3 So.3d at 1076). Because, "[b]y statute, robbery is not a degree of theft nor is theft a degree of robbery," the court concluded that "section 775.021(4)(b)2. does not prohibit McKinney's convictions for robbery with a firearm and grand theft." McKinney, 24 So.3d at 684. We agree.
Next, we address McKinney's contention that his convictions are exempt under section 775.021(4)(b)1. by comparing the elements of the crimes for which McKinney was convicted.
Section 812.13, Florida Statutes provides, in relevant part:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 812.13, Fla. Stat. (2007). Section 812.014, Florida Statutes provides, in relevant part:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.

*857 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
....
(2)(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
1. Valued at $300 or more, but less than $5,000.
§ 812.014, Fla. Stat. (2007). A comparison of the elements of the crimes demonstrates that each offense requires an element of proof that the other does not. Robbery requires that the State show that "force, violence, assault, or putting in fear was used in the course of the taking," and grand theft requires that the State show the value of the property taken. Accordingly, section 775.021(4)(b)1 is inapplicable. Additionally, because neither offense is wholly subsumed by the other, neither is a necessarily included offense of the other. Therefore, section 775.021(4)(b)3. is also inapplicable.
For the foregoing reasons, we approve the Fifth District's decision below in McKinney.
It is so ordered.
CANADY, C.J., and PARIENTE, POLSTON, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion, in which QUINCE, J., concurs.
LEWIS, J., dissenting.
Under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, no person may "be subject for the same offense to be twice put in jeopardy of life or limb." This clause effectively "prohibits successive prosecution or multiple punishment for `the same offence,'" Witte v. United States, 515 U.S. 389, 390, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), and "was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." Id. at 396, 115 S.Ct. 2199 (quoting Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873)). It also "represents a fundamental ideal in our constitutional heritage," and the Due Process Clause of the Fourteenth Amendment to the United States Constitution makes it applicable to the States. Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court articulated a test used in determining whether two offenses are the same for double jeopardy purposes. Under the Blockburger test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Witte, 515 U.S. at 396, 115 S.Ct. 2199 (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180).
For many decades, this Court used the "core offense/primary evil" approach to decide double-jeopardy challenges. See State v. Paul, 934 So.2d 1167 (Fla.2006); State v. Florida, 894 So.2d 941 (Fla.2005); Gordon v. State, 780 So.2d 17 (Fla.2001); State v. Anderson, 695 So.2d 309 (Fla. 1997); Sirmons v. State, 634 So.2d 153 (Fla.1994); State v. Thompson, 607 So.2d 422 (Fla.1992); Carawan v. State, 515 So.2d 161 (Fla.1987). This Court utilized Blockburger to interpret statutory provisions, but did not rigidly apply a proof of elements singular test. See Carawan, 515 So.2d at 164-65. Without reference to any decisional law from this Court or Florida's district courts of appeal that exhibited the impracticality of that approach, any necessity *858 to abrogate it, or any miscarriage of justice, in Valdes v. State, 3 So.3d 1067 (Fla.2009), this Court departed from decades of well-established law and prescribed that courts adhere to the strict tenets of the Blockburger test enumerated in section 775.021(4), Florida Statutes (2009), when deciding double jeopardy challenges. Valdes, 3 So.3d at 1075-77. The majority decision today represents the paradigm wrongly and rigidly created by Valdes, and the dangerous implications running from its mandate that courts adhere exclusively to a strict and rigid application of the Blockburger test when deciding double-jeopardy challenges. See id. at 1075-77.
By rigidly examining only the strict wording of a single statute in isolation to determine if multiple punishments violate double jeopardy, a court may easily misinterpret whether the Legislature intended to impose a multitude of punishments for a single evil or wrong committed during a single episode. This is in opposition to the intended purpose of the Blockburger test, which, along with the rule of lenity, was to serve as a rule of construction that assisted courts in discerning legislative intent not decide what that intent was. See Carawan, 515 So.2d at 166-67 (stating that the Blockburger test and the rule of lenity are rules of construction that "serve no purpose other than assisting the courts in ascertaining the true legislative intent behind a particular ambiguous statute and carrying that intent into effect to the fullest degree possible," and that "the Blockburger test itself, as a rule of construction, will not prevail over actual intent").
In contrast, the "core offense/primary evil" approach utilized the Blockburger test in a way that comported with its original design, i.e., it applied that test as a guide to assist a court in its determination as to whether the Legislature intended to inflict multiple punishments for two separately codified crimes committed in a single episode or by a single act. Under that approach, a court would initially search for legislative intent through an examination of the express wording of the statutes at issue. See id. at 165. If that wording did not illustrate the Legislature's intent, a court would then invoke the Blockburger test, as codified in section 775.021(4), to help discern the intent. See id. at 167. "Subsection 775.021(4) was to be treated as an `aid' in determining legislative intent, not as a specific, clear, and precise statement of such intent." Valdes, 3 So.3d at 1072 (emphasis added). Along with section 775.021(4)'s directives, a court was to consider whether the two statutory offenses at issue concerned the "same evil." Carawan, 515 So.2d at 168. In accord with the rule of lenity, even if two statutory offenses "contain[ed] a unique statutory element and [were] separate under subsection 775.021(4)," if the two offenses concerned the same evil, double jeopardy guarded against multiple punishments for those offenses. Valdes, 3 So.3d at 1072 (citing Carawan, 515 So.2d at 167-68).
Conversely, the Valdes decision, along with its strict and rigid application of Blockburger, disregards double jeopardy protection in instances where, although a statute does not explicitly provide for double jeopardy protection, the Legislature intended to extend that protection by guarding against multiple punishments for the same primary evilor single-evil act by way of legislating against that same evil in two separate statutes. See 515 So.2d at 168 (stating that a "reasonable basis for concluding that the legislature did not intend multiple punishments" is "where the accused is charged under two statutory provisions that manifestly address the same evil and no clear evidence of legislative intent exists"). In such instances, "the most reasonable conclusion usually is that the legislature did not intend to impose multiple punishments." Id. By ignoring *859 this scenario, the Court in Valdes has simply dismantled double jeopardy protections and their aim of preventing "the evil of multiple punishments for single offenses." Id. at 164 (citing Ex parte Lange, 85 U.S. (18 Wall.) at 173).
Furthermore, the Valdes court eliminated double jeopardy protections for those litigants who are punished twice for the same evil or single wrongful act "because of the constant patchwork revisions of Florida's criminal code." Carawan, 515 So.2d at 168. The Valdes decision inevitably leads to these types of double jeopardy violations because two statutes, although drafted at different times and addressing different versions of crimes, may "manifestly address the same evil." Id.
In addition, the Valdes decision offends the principle that a court is not to interpret a statute to achieve an absurd or unreasonable result because "an exclusive Blockburger analysis sometimes leads to a result contrary to common sense." Id. at 167. The case now before this Court exemplifies a scenario where the fear of punishing an individual for the same evil or singular-evil act and the absurdity of a strict Blockburger application come to fruition.
In this case, the trial court convicted McKinney of grand theft and robbery with a firearm for acts committed during a single episode. Section 812.014, Florida Statutes (2009), defines grand theft as to knowingly obtain or acquire the property of another with the intent to temporarily or permanently deprive that person of that property or appropriate it to the taker's use. In contrast, section 812.13, Florida Statutes (2009), defines robbery as the intentional taking of the property of anotherby force, violence, or fearwith the purpose of permanently or temporarily depriving the owner of that property. Robbery with a firearm is robbery committed with a firearm. See id. § 812.13(2)(a).
When the definition of grand theft and robbery are juxtaposed to one another and examined concomitantly, it is clear that they involve the same evil, with robbery being a higher degree of grand theft, i.e., it is grand theft accomplished through the use of force. Both of these criminal provisions punish an individual for taking property of another for the purpose of temporarily or permanently depriving him or her of that property. The primary evil involved in these two crimes is also the same, i.e., deprivation of one's property through the actions of another. The only difference between the two is the degree by which that taking is accomplished. Therefore, a conviction for both in a single episode and single act punishes an individual twice for the same evil and violates double jeopardy. Valdes may require a contrary result, but Valdes was wrong when this Court issued it, and it remains wrong in application today.
Accordingly, I dissent.
QUINCE, J., concurs.
NOTES
[1] McKinney was also charged with, and convicted of, aggravated assault with a firearm and armed burglary of a conveyance with a firearm. He received concurrent sentences of three years and twenty years, respectively. Neither of these convictions was challenged on appeal.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Although the Court did not explicitly recede from the "core offense" line of cases, the language of the opinion makes clear that those cases were also receded from.
[4] The Fourth District issued Shazer on March 11, 2009. Valdes was issued by this Court on January 30, 2009. It is unclear why the Fourth District failed to follow Valdes in its decision, or to note a reason for its departure from controlling precedent.