PER CURIAM.
This case is before the Court for review of the decision of the Fifth District Court of Appeal in McKinney v. State, 24 So.3d 682 (Fla. 5th DCA 2009). The district court certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in Shazer v. State, 3 So.3d 453 (Fla. 4th DCA 2009). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Because we find our decision in Valdes v. State, 3 So.3d 1067 (Fla.2009), controlling, we disapprove of the Fourth District’s decision in Shazer and approve the Fifth District’s decision in McKinney.
FACTS
The facts in this case are not in dispute. On the evening of September 11, 2007, Horace McKinney approached Bernard Vi-vandieu in his driveway. Vivandieu had recently picked up a money wire transfer of $290.30 from Western Union and McKinney had followed him home. McKinney approached him, pointing a gun to his side, and asked for the money. Vi-vandieu stated he had no money, but McKinney eventually found the money where Vivandieu had placed it in the car between the seats and took it and Vivan-dieu’s cell phone. McKinney was convicted of grand theft and robbery with a firearm for the incident.[1] For the grand theft charge, McKinney was sentenced to 237 days in the Orange County Jail and given credit for the 237 days he spent incarcerated awaiting imposition of the sentence. On the robbery charge, McKinney received twenty-five years, ten of which was the mandatory minimum sentence. On appeal to the Fifth District, McKinney argued that his dual convictions violated the prohibition against double jeopardy. The Fifth District disagreed and affirmed the convictions, certifying conflict with Shazer.
STANDARD OF REVIEW
“A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo.” Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (citing State v. Florida, 894 So.2d 941, 945 (Fla.2005)).
MERITS
McKinney was convicted for violations of sections 812.13(2)(a) and 812.014(2)(c)(1), Florida Statutes (2007), *854 and alleges that these convictions violate the proscription against double jeopardy. “Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger [2] test, as codified in section 775.021, Florida Statutes, to determine whether separate offenses exist.” McKinney, 24 So.3d at 683 (footnote omitted). There is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments. Valdes, 3 So.3d at 1069 (citing Hayes v. State, 803 So.2d 695, 699 (Fla.2001)); Borges v. State, 415 So.2d 1265, 1267 (Fla.1982) (“The Double Jeopardy Clause ‘presents no substantive limitation on the legislature’s power to prescribe multiple punishments,’ but rather, ‘seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.’ ”) (quoting State v. Hegstrom, 401 So.2d 1343, 1345 (Fla.1981)).
In its entirety, section 775.021(4) provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2009). McKinney alleges that each of the exceptions provided in paragraph (b) apply to his convictions. We disagree.
Originally, we interpreted section 775.021(4)(b) to exempt offenses that arose from the same “core offense” or “primary evil,” but in Valdes, we determined that this line of reasoning was no longer tenable. McKinney first alleges that his offenses violate double jeopardy because they are essentially degree variants of one another as described in section 775.021(4)(b)2. Under Valdes, this argument can only be valid if the statutes themselves provide such a classification.
After a review of the conflict issue, we find our decision in Valdes controlling. In Valdes, we considered whether dual convictions for discharging a firearm from a vehicle within 1000 feet of a person in violation of section 790.15(2), Florida Statutes (2003), and shooting into an occupied vehicle in violation of section 790.19, Florida Statutes (2003), arising from the same criminal episode, violated double jeopardy. Valdes, 3 So.3d at 1068. Because we concluded that the prior double jeopardy “primary evil” standard proved difficult to apply and strayed from the plain language of the statute, we adopted the approach provided in Justice Cantero’s special concurrence in State v. Paul, 934 So.2d 1167 *855 (Fla.2006). Valdes, 3 So.3d at 1068. In so doing, we held “that section 775.021(4)(b)(2), Florida Statutes (2008), prohibits ‘separate punishments for crimes arising from the same criminal transaction only when the statute itself provides for an offense with multiple degrees.’ ” Valdes, 3 So.3d at 1068 (quoting Paul, 934 So.2d at 1176 (Cantero, J., specially concurring)).
In Valdes, as in the instant case, the defendant was convicted of two crimes, codified in separate statutes, arising from a single occurrence. Valdes fired shots from his vehicle into a vehicle standing next to him at a red light. Valdes, 3 So.3d at 1068. As in the instant case, Valdes argued that the convictions violated double jeopardy alleging that the offenses were degrees of the same offense. As in the instant case, the crimes each required a proof of an element that the other did not. Id. at 1071. Under the “primary evil” line of cases, the convictions would have been considered degree variants of each other. However, we concluded “that the ‘primary evil’ test defies legislative intent because it strays from the plain meaning of the statute.” Id. at 1075. We further stated:
By applying the “primary evil” gloss to the second statutory exception, we have added words that were not written by the Legislature in enacting the double jeopardy exceptions of section 775.021(4) and specifically subsection (4)(b)(2). Rather, this exception simply states that there is a prohibition against multiple punishments for offenses which are “degrees of the same offense.” There is no mention of “core offense” and certainly no mention of “primary evil.” Further, there is no rule of construction that would compel this Court to require such an analysis based on constitutional considerations. There is no constitutional prohibition against narrowly interpreting double jeopardy exceptions precisely because there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode, as long as the Legislature intends such punishments.
Id. at 1075-76 (citations omitted). Accordingly, we adopted the approach proposed by Justice Cantero in Paul. Valdes, 3 So.3d at 1076 (quoting Paul, 934 So.2d at 1176 (Cantero, J., specially concurring)). In so doing, we receded from Gordon v. State, 780 So.2d 17 (Fla.2001), Florida, and Paul. Valdes, 3 So.3d at 1076-77 (finding the “primary evil” test unworkable).[3] Ultimately, we concluded that “the only offenses that fall under subsection (4)(b)2., are those that constitute different degrees of the same offense, as explicitly set forth in the relevant statutory sections.” Id. at 1077.
As this holding was applied to Valdes’ convictions under sections 790.19 and 790.15, we found that the violations did “not satisfy the second statutory exception because the two offenses are found in separate statutory provisions; neither offense is an aggravated form of the other; and they are clearly not degree variants of the same offense.” Valdes, 3 So.3d at 1077. In contrast, we noted that sections 790.15(1), 790.15(2), and 790.15(3) were explicitly degree variants of the same offense. Valdes, 3 So.3d at 1077-78. As we held in Valdes, here there is no question that the Legislature did not expressly provide that robbery and grand theft are degree variants of the same offense. Despite this bright-line rule, McKinney argues that we may wish to follow the Fourth District’s decision in Shazer, which provides that grand theft is a degree variant of robbery. We decline to do so.
*856 Ignoring this Court’s holding in Valdes, the Fourth District Court of Appeal has found that dual convictions for robbery and grand theft violate double jeopardy protection. See Shazer, 3 So.3d at 454 (relying on Ingram v. State, 928 So.2d 1262 (Fla. 4th DCA 2006) to find dual convictions for robbery with a deadly weapon and grand theft violated double jeopardy where the same property formed the basis for both convictions).[4] In Ingram, the Fourth District noted that “[tjheft is a permissive lesser included offense of robbery with a firearm or deadly weapon.” Ingram, 928 So.2d at 1263 (citing Fla. Std. Jury Instr. (Crim.) 15.1 tbl.; Junior v. State, 763 So.2d 1056 (Fla. 4th DCA 1999)). However, the Ingram decision predates this Court’s decision in Valdes, and is therefore not persuasive.
The Fifth District reached the opposite conclusion in McKinney after applying Valdes. Noting that “there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction, as long as the Legislature intends to authorize separate punishments,” the court affirmed McKinney’s dual convictions for robbery with a firearm and grand theft. McKinney, 24 So.3d at 683 (citing Hayes v. State, 803 So.2d 695, 699 (Fla.2001)). The court rejected McKinney’s contention that robbery and theft are simply aggravated forms of the same underlying offense. The court noted that while until recently precedent supported McKinney’s argument, our ruling in Valdes made clear that section 775.021(4)(b)2. “prohibits separate punishments only when a criminal statute provides for variations in degree in the same offense.” McKinney, 24 So.3d at 684 (citing Valdes, 3 So.3d at 1076). Because, “[b]y statute, robbery is not a degree of theft nor is theft a degree of robbery,” the court concluded that “section 775.021(4)(b)2. does not prohibit McKinney’s convictions for robbery with a firearm and grand theft.” McKinney, 24 So.3d at 684. We agree.
Next, we address McKinney’s contention that his convictions are exempt under section 775.021(4)(b)l. by comparing the elements of the crimes for which McKinney was convicted.
Section 812.13, Florida Statutes provides, in relevant part:
(1) “Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 812.13, Fla. Stat. (2007). Section 812.014, Florida Statutes provides, in relevant part:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
*857 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
[[Image here]]
(2)(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
1. Valued at $300 or more, but less than $5,000.
§ 812.014, Fla. Stat. (2007). A comparison of the elements of the crimes demonstrates that each offense requires an element of proof that the other does not. Robbery requires that the State show that “force, violence, assault, or putting in fear was used in the course of the taking,” and grand theft requires that the State show the value of the property taken. Accordingly, section 775.021(4)(b)1 is inapplicable. Additionally, because neither offense is wholly subsumed by the other, neither is a necessarily included offense of the other. Therefore, section 775.021(4)(b)3. is also inapplicable.
For the foregoing reasons, we approve the Fifth District’s decision below in McKinney.
It is so ordered.
CANADY, C.J, and PARIENTE, POLSTON, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion, in which QUINCE, J., concurs.

. McKinney was also charged with, and convicted of, aggravated assault with a firearm and armed burglary of a conveyance with a firearm. He received concurrent sentences of three years and twenty years, respectively. Neither of these convictions was challenged on appeal.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Although the Court did not explicitly recede from the "core offense” line of cases, the language of the opinion makes clear that those cases were also receded from.

. The Fourth District issued Shazer on March 11, 2009. Valdes was issued by this Court on January 30, 2009. It is unclear why the Fourth District failed to follow Valdes in its decision, or to note a reason for its departure from controlling precedent.