EVANDER, J.
Estremera was convicted, after a jury trial, of burglary, robbery, assault, and petit theft. On appeal, he contends that his convictions for assault and petit theft violate double jeopardy. We agree.
Although Estremera failed to raise these double jeopardy issues below, such claims raise questions of fundamental error that can be raised for the first time on direct appeal. Bailey v. State, 21 So.3d 147, 149 (Fla. 5th DCA 2009).
The evidence presented at trial reflects that Estremera and his co-defendant took money and cigarettes from a convenience store after putting the store’s clerks in fear through threatened violence. The State concedes that Estremera’s conviction for assault violates double jeopardy and must be set aside. See, e.g., Latimer v. State, 44 So.3d 1239 (Fla. 5th DCA 2010) (where verdict form gave no indication as to whether jury determined that taking in the case constituted robbery because of accompanying assault on victim or based on some separate use of force or violence, verdict must be read in manner that gives benefit of doubt to defendant, and thus, convictions for both robbery and assault cannot stand).
However, the State argues that pursuant to our supreme court’s recent decision in McKinney v. State, 66 So.3d 852 (Fla.2011), the petit theft conviction does not violate double jeopardy. The State’s reliance on McKinney is misplaced. In McKinney, the court determined that a defendant could be convicted of both robbery and grand, theft. However, grand theft is not a necessarily lesser included offense of robbery because it requires an element of proof that robbery does not: to-wit, the State must show the value of the property taken. McKinney, 66 So.3d at 857. By contrast, petit theft is a necessarily lesser included offense of robbery. See Stuckey v. State, 972 So.2d 918, 921 (Fla. 5th DCA 2007); J.C.B. v. State, 512 So.2d 1073, 1074 (Fla. 1st DCA 1987) (“A charge of robbery necessarily includes the elements of a charge of petit theft in that in proving a charge of robbery under section 812.13, the State must also prove the elements of petit theft under section 812.014(2)(c). Thus, petit theft is a neces *293 sarily included offense of robbery.”); see also Fla. Std. Jury Inst; (Crim) 15.1 (petit theft listed as a Category 1 lesser included offense of robbery).
Double jeopardy principles prohibit convictions for “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b)3., Fla. Stat. (2010). Accordingly, we reverse the assault and petit theft convictions and remand with instructions that the assault and petit theft convictions and their respective sentences be vacated.
REVERSED and REMANDED.
ORFINGER, C.J. and GRIFFIN, J., concur.