IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHERIDAN LANDELL VENEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1294

CORRECTED PAGES: pg 1
CORRECTION IS UNDERLINED IN RED
MAILED: May 11, 2017
BY: KMS

Opinion filed May 5, 2017.

An appeal from the Circuit Court for Duval County.
Angela Cox, Judge.

Andy Thomas, Public Defender, and Nada M. Carey, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, for Appellee.

WINSOR, J.

After more than twenty years of marriage, Sheridan and Lisa Marie Veney separated. They nevertheless remained on friendly terms for a while, even occasionally going out together. One day, they ran into each other at the mall, exchanged hellos, and embraced. But the next day, Sheridan says, he "lost it." That day, Sheridan killed Lisa Marie, shooting her five times outside an Applebee's.

Sheridan never denied the killing. He told the jury that after his wife disparaged him at dinner, something "happened in the blink of an eye." His defense was that he never planned to kill his wife—it just happened. Sheridan's lawyer therefore asked the jury to return a verdict of manslaughter.

Rejecting Sheridan's defense, the jury found premeditation and returned a guilty verdict for first-degree murder. Sheridan, now serving a life sentence, makes only one argument on appeal: he contends there was insufficient evidence of premeditation, meaning the trial court should have granted a motion for judgment of acquittal on that score. He asks us to reduce his conviction to second-degree murder.

We review de novo an order denying a motion for judgment of acquittal. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). In doing so, we view the evidence in the light most favorable to the State, and if we conclude any "rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt," we must affirm. *Id.*

Sheridan insists everything happened quickly, that he simply overreacted to a slight, and that accordingly there was no evidence he formed any premeditation. But the supreme court has held that "[p]remeditation can be formed in a moment and need only exist 'for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act.'" *DeAngelo v. State*, 616 So. 2d 440, 441 (Fla. 1993) (quoting *Asay v. State*, 580 So. 2d 610, 612

(Fla. 1991)). And courts have repeatedly held that circumstantial evidence is sufficient to establish premeditation. *See Hutchinson v. State*, 882 So. 2d 943, 955-56 (Fla. 2004) (finding sufficient evidence of premeditation based in part on the defendant's use of a pump-action shotgun, which required the user to pull the pump before aiming and firing each time), *abrogated on other grounds by Deparvine v. State*, 995 So. 2d 351 (Fla. 2008); *Floyd v. State*, 850 So. 2d 383, 396-97 (Fla. 2002) (finding sufficient evidence of premeditation when the defendant threatened the victim the day before the attack, brought a gun with him to the victim's home, and argued with her for a significant period of time before shooting her); *Asay*, 580 So. 2d at 613 (concluding jury could have found that the defendant made a conscious decision to shoot the victim based on the defendant's statements, the nature of the wound inflicted, and the circumstances surrounding the shooting); *Fennell v. State*, 959 So. 2d 810, 814 (Fla. 4th DCA 2007) (finding sufficient evidence of premeditation based on the amount of force necessary to activate the handgun's trigger, the lack of evidence that the shooting was the result of a close-contact fight, and testimony that the defendant made threatening statements to the victim prior to the shooting).

In this case, the jury heard evidence from which it could conclude beyond a reasonable doubt that Sheridan's crime was premeditated. There was evidence that Sheridan kept a loaded gun in his pocket and told his wife right before the shooting

that she should leave, lest he "reach in his pocket." There was evidence that after his wife insulted him and walked away, Sheridan got up from the table and followed her through the restaurant. There was evidence that after Sheridan first shot his wife, he paused before firing the remaining four bullets. And there was evidence that Sheridan suggested to detectives that as he shot his wife, he planned to commit suicide, saying "I didn't plan on having this conversation with you-all," and "I was going to take myself out as well and we'd never have this conversation."

Premeditation does not take much time at all, and the evidence at trial, viewed in light most favorable to the State, *Pagan*, 830 So. 2d at 803, was sufficient to support the jury's verdict.

AFFIRMED.

RAY and MAKAR, JJ., CONCUR.