# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5876
_____

SCOTT THOMAS HICKS,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

December 27, 2018

PER CURIAM.

Scott Thomas Hicks appeals his convictions and sentences for aggravated child abuse, neglect of a child causing great bodily harm, leaving a child unattended in a motor vehicle causing great bodily harm, and endangering a child. We affirm three of Hicks's convictions but reverse his child-endangerment conviction.

Hicks was arrested after he left a child in his truck for an hour and a half with the windows up. It was the middle of September in the Florida Panhandle. By the time police discovered the child, he was already dehydrated, with an elevated heart rate and cracked, bloody lips. The child also had other serious injuries: he had an inch-long laceration on his forehead, bruising all over his body, and

a severely swollen scrotum. There was no food or water in the truck, but there was a bag of loaded firearms.

At trial, Hicks admitted to leaving the child in the truck but insisted that the child's mother—Hicks's girlfriend at the time—was responsible for the child's unrelated injuries. Hicks also claimed he did not know the extent of the child's injuries when he left him in the truck.

The jury rejected Hicks's defense and convicted him of aggravated child abuse, neglect of a child causing great bodily harm, leaving a child unattended causing great bodily harm, and child endangerment. The court sentenced Hicks to a total of twenty-five years.

Hicks's main argument on appeal relates to the sufficiency of the evidence. The State can prove aggravated child abuse by showing a defendant committed an aggravated battery on the child, "willfully tortur[ed]" the child, or abused the child causing great bodily harm. § 827.03(1)(a), Fla. Stat. (2015). Hicks insists that the State failed to prove any of this. Our review is de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

Viewing all of the evidence in a light most favorable to the State, we conclude that a rational jury could have found all elements proven beyond a reasonable doubt. *See Veney v. State*, 217 So. 3d 1189, 1190 (Fla. 1st DCA 2017). Among other things, the jury heard testimony that the child "appeared to be dead" and was "pale" and "lethargic" upon discovery. There was evidence from which the jury could conclude that Hicks "[k]nowingly or willfully abuse[d the] child and in so doing cause[d] great bodily harm." § 827.03(1)(a)3. We therefore reject Hicks's argument that the trial court should have granted an acquittal as to the aggravated child abuse. And for the same reason, we reject Hicks's argument that there was no showing of "great bodily harm" to support his convictions for neglect of a child causing great bodily harm and leaving a child unattended causing great bodily harm.

Hicks's fourth conviction, however, is another matter. This count arose from events on a separate day when Hicks was with the child. The State thought it was possible that Hicks abused the child during this time because the child's mother testified that the

child was not injured when he left with Hicks, but the jury did not receive any evidence related to what actually happened, other than Hicks's testimony that he took the child to the beach and to McDonald's. Therefore, we hold that the court erred by not granting Hicks's motion for judgment of acquittal on his fourth count, and we reverse Hicks's conviction for endangering a child.

We reject Hicks's remaining arguments. First, Hicks argues that he is entitled to a new trial because the court erroneously admitted photos showing guns in the truck, photos Hicks argues were irrelevant and prejudicial. We hold that even if the photos should have been excluded, any error was harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986). By the time the photos were introduced, the jury had already heard Hicks's recorded statement, in which he brought up the issue of guns in his truck. Through this evidence—to which Hicks did not object—the jury knew of the guns regardless of the photos.

Second, Hicks contends that the court should have issued a curative instruction after the State improperly defined "torture" during closing argument. But this issue was not preserved. "[T]o preserve a claim based on improper comment, counsel has the obligation to object and request a mistrial." *See Bright v. State*, 90 So. 3d 249, 259 (Fla. 2012), *as revised on reh'g* (May 31, 2012). Here, Hicks's counsel did neither, waiting until after the completion of closing arguments and a fifteen-minute recess to first raise the issue. The error (if any) was not preserved, and there was no fundamental error.

Last, Hicks argues that under double-jeopardy principles, he could not be convicted of both child neglect causing great bodily harm (in violation of § 827.03(2)(b)) and leaving a child unattended in a motor vehicle (in violation of § 316.6135(1)). But there is no double-jeopardy violation. Each crime included an element that the other did not, and neither was subsumed into the other. *See McKinney v. State*, 66 So. 3d 852, 854 (Fla. 2011).

AFFIRMED in part and REVERSED in part.

B.L. THOMAS, C.J., and MAKAR and WINSOR, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————


Michael Ufferman of the Michael Ufferman Law Firm, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.